**Jacqueline BECK, Plaintiff,**

v.

**ALLIANCE FUNDING COMPANY, Superior Bank, FSB, Chris Koulfax, Defendants.**

**No. 3:99 CV 1618(GLG).**

United States District Court, D. Connecticut.

Sept. 22, 2000.

Peter Luria, Avon, CT, for Plaintiff.

Peter Sterling, Nair & Levin, P.C., Bloomfield, CT, for Defendants.

## MEMORANDUM DECISION

GOETTEL, District Judge.

In this action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq.,* the defendants move for summary judgment contending that they are not debt collectors subject to the Act. The motion **(Doc. No. 12)** is **GRANTED**.

This action had its genesis in December 1994 when the plaintiff and her then husband, Tom Kelly, signed a second mortgage on their home at 42 Bell

---

Street, Glastonbury, Connecticut.[1] Thereafter they were divorced and apparently the plaintiff got the house. Along with the house she got the second mortgage on which she was a co-signer, and the promissory note for $30,500, on which she was also a co-signer. Kelly continued payments on the second mortgage until August 1998 when he ceased making payments. Later that year the plaintiff retained counsel in an attempt to set aside the second mortgage on grounds that she lacked capacity to understand and appreciate the consequences of a second mortgage when executed. (We are not told the status of that claim but that too is irrelevant). At about that time the individual defendant, Chris Koulfax (correctly spelled "Colfax"), who is an employee of the first two named defendants made several calls to her asking about overdue mortgage payments. That is the subject of this suit since, if applicable, the FDCPA would prohibit calls to a debtor who had already indicated that she was represented by counsel. The defendants, however, maintain that they are not subject to the Act because of 15 U.S.C. § 1692(6)(A & B) which states:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal business of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another ... the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts ... The term does not include—
>
> (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;

> (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for person to whom it is so related or affiliated and if the principal business of such person is not the collection of debts ...

The Act is quite clear that it is directed at independent debt collectors and not creditors attempting to collect on their own debts. *Meads v. Citicorp Credit Services, Inc.*, 686 F.Supp. 330, 333 (S.D.Ga.1988) citing *Aubert v. American General Finance, Inc.*, 137 F.3d 976, 978 (7th Cir. 1998). Corporate affiliates, such as Alliance Funding Company, are excluded from the Act provided it collects debts only for the entity for which it is affiliated and its principal business is not debt collection. *Id.*

### Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions ... together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). This Court's function is to determine if there exists a genuine issue of material fact to be tried rather than to resolve disputed issues of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party seeking summary judgment bears the burden of showing that no genuine factual dispute exists. *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995). The substantive law governing the case identifies those facts that are material on a motion for summary judgment. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

**1.** We cannot tell whether they were married at that time. She used the name Jacqueline Beck although that may just be a part of the feminist movement for married women to retain their own identity. The status of their marriage is irrelevant.

Once the moving party has made a showing that there are no genuine issues of fact to be tried, then the burden shifts to the non-moving party to raise triable issues of fact. *Id.* at 256, 106 S.Ct. 2505. Mere conclusory allegations will not suffice. Instead, the non-moving party must present "sufficient probative evidence" to show that there is a factual dispute. Fed. R.Civ.P. 56(e).

Plaintiff contends that there are genuine issues to be tried concerning the relationship between Allied Funding Company and Superior Bank and whether their principal business is the collection of debts. She acknowledges that the second mortgage she gave ran in favor of Superior Bank. Actually, the mortgage was given to Family Financial Services, Inc. (a Connecticut corporation) and was immediately assigned, with plaintiff's knowledge, to "Alliance Funding Company, a division of Superior Bank, FSB" (with an office in New Jersey). *See* Mortgage and Assignment, Exhibit A to defendants' moving papers. Consistent with that the defendant, in its interrogatory answers, has said that Alliance Funding is a subsidiary of Superior Bank and its primary business is funding mortgage loans. It is clear that the individual defendant works for the servicing division of the Bank and like other employees of Alliance Funding Company is an employee of Superior Bank.

Plaintiff maintains that deposition answers of the defendants raise a question as to whether Alliance Funding Company *is* a separate corporate entity. The deposition answers do not contain such a representation. The answer quite clearly was that "Alliance Funding Company *had been* a corporation that was owned by the same owners. They decided to expand the bank so it would have customer recognition, and they brought Alliance Funding Company into the Bank." (Deposition testimony of K.N. Lanigan, defendants' corporate representative, pp. 14–15.) The deposition testimony was also clear that servicing employees such as defendant Koulfax serviced the loans of Alliance Funding Company. This, the plaintiff argues, raises an issue as to whether or not they were debt collectors. Clearly Koulfax was attempting to collect a debt but it was a debt of his corporate employers.

This motion was filed almost five months ago. It was adjourned at the plaintiff's request for some months in order to allow the plaintiff to obtain probative evidence to oppose the pending summary judgment motion. It has not presented any. It simply repeats that there are "issues." As we have noted earlier, mere conclusory allegations will not suffice. The non-moving party has not presented sufficient probative evidence to show that there is a factual dispute. Since none of the defendants were debt collectors within the meaning of the Act, the cause of action brought under the FDCPA must fail. The motion is therefore granted.