OPINION
{¶ 1} Defendants-appellants, William Damsel and Carol Damsel (collectively "appellants"), appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Bank of New York ("appellee"), granting appellee's motion to dismiss appellants' counterclaim, and denying appellants' motion for a more definitive statement, or in the alternative, for leave to file an amended answer and third-party complaint.
 {¶ 2} This foreclosure action was filed on December 16, 1998, alleging that appellants were in default on a promissory note secured by a mortgage on property located at 390 Tucker Drive North, Worthington, Ohio ("the property"). The loan that is the subject of this appeal originated in November 1995, when appellants obtained a mortgage from Randall Mortgage Services, Inc. ("Randall"). In December 1995, the promissory note and mortgage were transferred from Randall to Old Kent Mortgage Company ("Old Kent"). Subsequently, the promissory note and mortgage were transferred to appellee in January 1996. Old Kent, however, remained as the servicer of the loan. No payments having been made on the loan since July 1998, appellee filed the instant foreclosure action seeking judgment on the promissory note in the amount of $345,369.69, plus interest at the rate of 8.75 percent per annum from July 1, 1998.
 {¶ 3} On February 8, 1999, appellants filed an answer and counterclaim against an entity known as Old Kent Mortgage Company. After getting leave to respond to the counterclaim, appellee filed its reply. Appellants responded with a motion for a more definitive statement, or in the alternative, a motion for leave to file an amended answer and third-party complaint. On September 13, 1999, appellee filed a motion for summary judgment and a motion to dismiss appellants' counterclaim. On November 24, 1999, the trial court held a hearing. Subsequently, the trial court entered judgment, which granted appellee's motion for summary judgment, granted appellee's motion to dismiss, and denied appellants' motion for a more definitive statement, or in the alternative, motion for leave to file an amended answer and third-party complaint. An appeal timely followed. Due to a bankruptcy proceeding, this case was stayed in the appellate court, and upon reactivation, this matter was set for oral argument on May 9, 2006.
 {¶ 4} Appellants bring the following six assignments of error for our review:
A. Assignment of Error No. 1.
The trial court erred in granting summary judgment to Plaintiff Bank when there were genuine issues of material fact concerning the violations of the Fair Debt Collection Practices Act.
B. Assignment of Error No. 2.
The trial court erred in not granting Defendants' motion for a more definite statement since the answer to the counterclaim filed by Plaintiff Bank did not comply with Rule 8 of the Ohio Rules of Civil Procedure because it denied paragraphs for lack of knowledge when the information on those averments was maintained by Plaintiff Bank.
C. Assignment of Error No. 3.
The trial court erred in dismissing Defendants' counterclaim against Plaintiff Bank because "Bank of New York Trustee Under Pooling and Servicing Agreement Series 1996-C, P.O. Box 1604, Grand Rapids, MI 49501" is in effect the same entity as "Old Kent Mortgage, P.O. Box 1604, Grand Rapids, MI 49501."
D. Assignment of Error No. 4.
The trial court erred in not granting Defendants' motion for leave to file an amended answer and third-party complaint, pursuant to Rule 15 (A) of the Ohio Rules of Civil Procedure.
E. Assignment of Error No. 5.
The trial court erred in not allowing Defendants an opportunity to respond after Plaintiff Bank filed a motion to supplement their motion for summary judgment on December 6, 1999, by entering a judgment entry on December 14, 1999, which was not issued in accordance with Local Rule 25.01.
F. Assignment of Error No. 6.
The trial court erred in denying Defendants' motion for default judgment.
 {¶ 5} In the first assignment of error, appellants contend that the trial court erred in granting appellee's motion for summary judgment. Civ.R. 56(C) states that summary judgment shall be rendered forthwith if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the non-moving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 6} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, citing Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 65-66.
 {¶ 7} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the non-moving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The moving party may not fulfill its initial burden simply by making a conclusory assertion that the non-moving party has no evidence to prove its case. Id. Rather, the moving party must support its motion by pointing to some evidence of the type set forth in Civ.R. 56(C), which affirmatively demonstrates that the non-moving party has no evidence to support the non-moving party's claims. Id. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. Id. However, once the moving party satisfies its initial burden, the non-moving party bears the burden of offering specific facts showing that there is a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but, instead, must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Civ.R. 56(E); Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 8} Appellate review of summary judgments is de novo. Koosv. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588;Midwest Specialties, Inc. v. Firestone Tire Rubber Co.
(1988), 42 Ohio App.3d 6, 8. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. SeeDresher, supra; Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 41-42.
 {¶ 9} Appellants do not argue on appeal, nor did they do so in the trial court, that the promissory note at issue was not in default for non-payment, and/or that appellee did not have a legal right to accelerate and call due the entire balance of the note. To the contrary, appellants contend that there are defenses, other than the defense of payment, to a foreclosure action, such as failure to comply with the Fair Debt Collection Practices Act ("FDCPA"), codified in Section 1692a et seq., Title 15, U.S.Code. Essentially, appellants contend that the trial court erred in finding that appellee was entitled to judgment as a matter of law because appellee, or its counsel, was in violation of the FDCPA.
 {¶ 10} It is appellants' position that pursuant to the FDCPA, they were entitled to (1) notice of certain rights in the debt collector's first communication; (2) verification notice of the balance of their debt; and (3) validation notice that they had 30 days to dispute the validity of all or a portion of the debt. Though stated as a defense in appellants' answer, and as an allegation in appellants' counterclaim, arguments relating to appellee's alleged violation of the FDCPA were not brought to the trial court's attention until the filing of appellants' motion for relief from judgment, which was filed after the trial court entered final judgment in this case and remains pending before that court.
The stated purpose of the [FDCPA] is to eliminate abusive debt collection practices, Section 1692e, Title 15, U.S. Code, and to that end the Act prohibits certain actions by debt collectors, such as improper communications, harassing or oppressive behavior, and false or misleading representations, as well as imposing other restrictions and obligations on debt collectors, such as the verification requirement of Section 1692b.
Bank of New York v. Barclay, Franklin App. No. 03AP-844,2004-Ohio-1217 at ¶ 18, citing Sections 1692c, 1692d, and 1692e, Title 15, U.S.Code.
 {¶ 11} Although not directing us to any particular portion of the FDCPA, appellants appear to be relying on Section 1692g, Title 15, U.S. Code, which provides in part:
(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing —
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.
 {¶ 12} "Debt collector" is defined as any "person" who uses interstate commerce "in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Section 1692a(6), Title 15, U.S.Code.
 {¶ 13} It is clear that the FDCPA "is directed at independent debt collectors and not creditors attempting to collect on their own debts." Barclay, supra ¶ 20, quoting Beck v. AllianceFunding Co. (D.Conn. 2000), 113 F. Supp.2d 274, 275. As recently stated by the United States District Court of the Northern District of Ohio, "[a]s a matter of law, the FDCPA does not apply to creditors, their employees or officers, or their affiliates. Further, a creditor cannot be held vicariously liable under the FDCPA for the alleged acts of debt collector it hires." Frame v.Weltman, Weinberg, Reis, 2006 U.S. Dist. LEXIS 28926, citingHavens-Tobias v. Eagle, 127 F.Supp.2d 889, 898 (S.D. Ohio 2001); Citibank (S.D.) v. Kessler, Franklin App. No. 03AP-580,2004-Ohio-1899, discretionary appealed denied103 Ohio St.3d 1462, 2004-Ohio-5056. This complaint clearly concerns a debt owed to appellee as the result of default on a promissory note secured by a mortgage on real property. As a matter of law, the FDCPA is not applicable against appellee in this case.
 {¶ 14} Secondly, as this court stated in Barclay,
application of the FDCPA is limited to consumer debt, and arguments relating to the FDCPA violation must be properly brought to the attention of the trial court with supporting evidence to warrant application in the trial court. Here, we find that appellants have failed to explicitly and sufficiently raise this argument before the trial court, and support it with evidence of requisite facts. Like the defendant in Barclay,
appellants were required to show that they were "consumers" with respect to this particular debt, that written requests had been made for debt verification of the debt, and that no appropriate responses were provided.
 {¶ 15} Based upon the record, we find that appellants did not place sufficient evidentiary materials before the trial court to create a genuine issue of material fact or demonstrate that appellee was not entitled to judgment as a matter of law on its complaint for foreclosure. Accordingly, appellants' first assignment of error is overruled.
 {¶ 16} In the second assignment of error, appellants argue that the trial court erred in denying their motion for a more definitive statement. Appellants argue that appellee's reply to appellants' counterclaim does not comply with Civ.R. 8(B) because, according to appellants, appellee could not in good faith deny some of the averments for lack of knowledge.
 {¶ 17} Civ.R. 12(E) governs motions for definitive statement,[1] and provides, in part:
If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a definite statement before interposing his responsive pleading.
 {¶ 18} Thus, the Civ.R. 12(E) motion for definitive statement is limited and can only be used against a pleading to which a responsive pleading is permitted. Since a responsive pleading is not permitted against a reply to a counterclaim, a Civ.R. 12(E) motion may not be directed against it. Consequently, the trial court did not err in denying appellants' motion for a definitive statement and appellants' second assignment of error is overruled.
 {¶ 19} In the third assignment of error, appellants argue that the trial court erred in dismissing their counterclaim against appellee. Appellate review of a trial court's decision to dismiss a case, pursuant to Civ.R. 12(B)(6), is de novo.Singleton v. Adjutant Gen. of Ohio, Franklin App. No. 02AP-971, 2003-Ohio-1838. In order for a court to dismiss a case, pursuant to Civ.R 12(B)(6), "it must appear beyond a doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. Univ. Com. Tenants Union (1975),42 Ohio St.2d 242, syllabus. The court must presume all factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. Bridges v. Natl.Engineering Contracting Co. (1990), 49 Ohio St.3d 108, 112. In considering a motion to dismiss under Civ.R. 12(B)(6), the court looks only to the complaint to determine whether the allegations are legally sufficient to state a claim. Springfield Fireworks,Inc. v. Ohio Dept. of Commerce, Franklin App. No. 03AP-330, 2003-Ohio-6940. We will not, however, consider unsupported conclusions that may be included among, but not supported by, the factual allegations of the complaint, because such conclusions cannot be deemed admitted and are not sufficient to withstand a motion to dismiss. Wright v. Ghee, Franklin App. No. 01AP-1459, 2002-Ohio-5487, citing Grange Mutual Casualty Co. v. Klatt
(Mar. 18, 1997), Franklin App. No. 96AP-888.
 {¶ 20} Appellee filed a combined motion for summary judgment pursuant to Civ.R. 56, and motion to dismiss appellants' counterclaim for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6). Because appellants' allegations in their counterclaim related to the actions and/or inactions of Old Kent, who is undisputedly not a party to this action, appellee contends that dismissal was appropriate. We agree.
 {¶ 21} Appellants repeatedly argue that there is evidence that appellee and Old Kent are the same entity and that the trial court's judgment entry simply ignores this issue. A trial court, however, is not required to specifically enumerate and explain the basis for granting a Civ.R. 12(B)(6) motion to dismiss, and is under no obligation to issue a written opinion when granting such a motion. Ohio Assn. of Pub. School Emp. v. School Emp.Retirement Sys. Bd., Franklin App. No. 04AP-136, 2004-Ohio-7101
at ¶ 41. Thus, there is no inherent error in the trial court's lack of explanation regarding its basis for granting appellee's motion to dismiss.
 {¶ 22} The evidence that Old Kent and appellee are the same entity is appellee's use on some of its pleadings of the same P.O Box address listed for Old Kent. However, in this instance, this fact alone does not equate that these two entities were one and the same. Old Kent is, and has been, a servicer of the loan held by appellee since 1996. The record reveals that they are separate entities, and there is no suggestion of an agency relationship between the two. Upon review of appellants' claims, we find that said claims must be dismissed because they allege wrongdoing on the part of persons and/or entities not named as parties to this action. See Sturgill v. The Village of Lockborne (Oct. 28, 1997), Franklin App. No. 97AP-139; Manogg v. Spangler (Apr. 19, 1994), Licking App. No. 93 CA 106. All of the allegations refer to Old Kent, or employees of Old Kent. Whether appellants maintained a misconception about the parties with whom they were dealing is irrelevant as the fact remains that appellants clearly are seeking relief in numerous allegations against persons and/or entities that are simply not parties to this action. Therefore, the trial court did not err in dismissing appellants' counterclaims. Accordingly, appellants' third assignment of error is overruled.
 {¶ 23} In the fourth assignment of error, appellants contend that the trial court erred in denying their motion for a more definitive statement, or in the alternative, a motion for leave to file an amended answer and third-party complaint against Old Kent. Civ.R. 15(A) provides that once a responsive pleading has been served, a party may amend a complaint only by leave of court. Leave to amend in good faith shall be freely given when justice so requires.
 {¶ 24} The decision of whether to grant a motion for leave to amend a pleading is within the sound discretion of the trial court. Beatley v. Beatley, 160 Ohio App.3d 600, 2005-Ohio-1846. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. In Hoover v. Sumlin
(1984), 12 Ohio St.3d 1, the Supreme Court of Ohio stated, "a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party." Id. at 6.
 {¶ 25} The original complaint in this case was filed on December 16, 1998. The motion for leave to file an amended answer and third-party complaint was filed on September 27, 1999. The alleged actions against Old Kent were for violation of the Fair Credit Reporting Act, contained in Section 1681, et seq., Title 15, U.S. Code, and the FDCPA. As argued by appellee, the original action filed here was for foreclosure, and appellants sought to assert an independent cause of action against a third party. A third-party complaint cannot be founded upon an independent cause of action even if the cause of action arises out of the same occurrence as the original complaint. State Farm Mut. Auto Ins.Co. v. Charlton (1974), 41 Ohio App.2d 107. Although not stated in the trial court's entry, it is apparent that the trial court found both undue prejudice to the opposing party and undue delay.
 {¶ 26} Based on the record, we find that it was within the discretion of the trial court to overrule appellants' motion for leave to file an amended answer and third-party complaint, and appellants have failed to establish that the trial court abused such discretion. Accordingly, we overrule appellants' fourth assignment of error.
 {¶ 27} In their fifth assignment of error, appellants argue that the trial court erred in not allowing them an opportunity to respond to appellee's motion to supplement its motion for summary judgment. Appellee's motion to supplement was filed on December 6, 1999. We note that the record is devoid of any evidence suggesting that appellants even attempted to oppose appellee's motion to supplement. Appellants argue that the trial court violated Loc.R. 25.01, which provides, in pertinent part:
Unless the Trial Judge otherwise directs, counsel for the party in whose favor a decision, order, decree, or judgment is rendered, shall within five days thereafter prepare the proper journal entry and submit it to the counsel for the adverse party, who shall approve or reject the entry within three days after receipt.
 {¶ 28} According to the record, appellee's entry was served on all parties on December 10, 1999. The trial judge signed the entry on December 14, 1999. We fail to see how the trial court erred in this instance and find that appellants have failed to establish any such error. Consequently, appellants' fifth assignment of error is overruled.
 {¶ 29} In the sixth assignment of error, appellants contend that the trial court erred in denying their motion for default judgment. On February 8, 1999, appellants filed their answer and counterclaim. On April 19, 1999, appellants moved for default judgment. On the same day, April 19, 1999, appellee filed a motion for leave to file its reply to appellants' counterclaim. After allowing the parties an opportunity to brief the issues, on May 5, 1999, the trial court denied appellants' motion for default judgment and granted appellee's motion for leave to file a reply to appellants' counterclaim.
 {¶ 30} It is undisputed that appellee did not respond within the time permitted by the Ohio Rules of Civil Procedure, and as such, appellants were permitted to seek default judgment pursuant to Civ.R. 55. However, Civ.R. 6(B) allows for an extension of time to file a late pleading, within the trial court's discretion, "upon motion made after the expiration of the specified period * * * where the failure to act was the result of excusable neglect * * *." Civ.R. 6(B)(2).
 {¶ 31} It is well-settled that a trial court may permit the filing of an untimely answer where the record contains sufficient evidence of excusable neglect. State ex rel. Lindenschmidt v.Butler Cty. Bd. of Commrs. (1995), 72 Ohio St.3d 464, 465. In determining whether neglect is excusable or inexcusable, a trial court "must take into consideration all the surrounding facts and circumstances, and * * * must be mindful of the admonition that cases should be decided on their merits, where possible, rather than [on] procedural grounds." Fowler v. Coleman (Dec. 28, 1999), Franklin App. No. 99AP-319. In addition, "a trial court's Civ.R. 6(B)(2) determination is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion." Id.
 {¶ 32} In the instant case, appellee filed its motion for leave to file a reply to appellants' counterclaim on the same day appellants moved for default judgment. Appellee indicated in its motion that its counsel inadvertently failed to timely reply to the counterclaim due to a death in counsel's immediate family that required counsel's presence out-of-state for an extended period of time.
 {¶ 33} It was within the trial court's discretion to grant appellee leave to plead, and to deny appellants' motion for default judgment upon a finding of excusable neglect. The trial court found the reasons set forth in appellee's motion and memorandum in support to be tantamount to excusable neglect. We find that such conclusion does not constitute an abuse of the trial court's discretion. Accordingly, we overrule appellants' sixth assignment of error.
 {¶ 34} For the foregoing reasons, we overrule appellants' six assignments of error, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Klatt, P.J., and Travis, J., concur.
[1] Appellants' motion is captioned as a motion for a more definitive statement. While Fed.R. 12(e), the federal counterpart to Ohio Civil Rule 12(E), labels the motion as a motion for a more definitive statement, Civ.R. 12(E) labels it as a motion for a definite statement, and deletes the word "more."